Vik Chaudhry, SBN 273952
VC Law Group, LLP
2292 Faraday Ave., Ste. 14
Carlsbad, CA 92008
Telephone: (858) 519-7333
Facsimile: (858) 408-3910
e-mail: vik@thevclawgroup.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWN; CBJ12 LLC; and BOR MUERTO LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN ARDEN WINES OPERATING COMPANY, a California Stock Corporation; BRIAN ARDEN WINES HOLDINGS, INC., a California Corporation; BAW CAPITAL, LLC, a California Limited Liability Company; BRIAN HARLAN, an individual; ARDEN BURT HARLAN, an individual; AMANDA LUSK-HARLAN, an individual; STEPHANIE HARLAN-MURPHY, an individual; and DOES 1-50, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR MONEY** <br> **1. BREACH OF CONTRACT;** <br> **2. BREACH OF IMPLIED-IN-FACT CONTRACT** <br> **3. FRAUDULENT INDUCEMENT;** <br> **4. BREACH OF FIDUCIARY DUTY;** <br> **5. UNJUST ENRICHMENT.** |

NOW COME the Plaintiffs in this matter, JONATHAN BROWN ("Plaintiff Brown"),

CBJ12 LLC ("Plaintiff CBJ12"), BOR MUERTO LLC ("Plaintiff Bor Muerto") by and through

its attorneys, and respectfully complains and alleges as follows:

**I.**

**JURISDICTION & VENUE**

1. This Court has jurisdiction over the case based on 28 U.S.C. §1332 because it arises

   under a dispute between parties over a controversy well over $75,000.00 and diversity

   between the parties exists.

2. Venue is proper pursuant to 28 U.S.C. §1391(b).

**II.**

**THE PARTIES**

3. Plaintiff JONATHAN BROWN (as aforementioned, "Plaintiff Brown") is an individual residing in the State of Ohio, within the United States.

4. Plaintiff CBJ12 LLC (as aforementioned, "Plaintiff CBJ12") is and during all times herein has been a limited liability company organized and doing business under the laws of the State of California, with its principal place of business in the State of Indiana.

5. Plaintiff Bor Muerto LLC (as aforementioned, "Plaintiff Bor Muerto") is and during all times herein has been a limited liability company organized and doing business under the laws of the State of Indiana.

6. Plaintiff is informed, believes and thereon alleges that Defendant Brian Arden Wines Operating Company ("Defendant "BAW Co.") is a corporation having its principal place of business located at 2013 Urbani Place, Calistoga, CA 94515.

7. Plaintiff is informed, believes and thereon alleges that Defendant   Brian Arden Wine Holdings, Inc., ("Defendant BAW Holdings") is a corporation having its principal place of business located at 331 Silverado Trail, Calistoga, CA 94515.

8. Plaintiff is informed, and belies and thereon alleges that Defendant BAW Capital LLC ("Defendant BAW LLC") is a limited liability company having its principal place of business located at 331 Silverado Trail, Calistoga, CA 94515.

9. Plaintiff is informed, believes and thereon alleges that Defendant Brain Harlan ("Defendant Brian Harlan") is an individual residing and doing business within the State of California.

10. Plaintiff is informed, believes and thereon alleges that Defendant Arden Burt Harlan ("Defendant Arden Harlan") is an individual residing and doing business within the State of California.

11. Plaintiff is informed, believes and thereon alleges that Defendant Amanda Lusk- Harlan ("Defendant Amanda Harlan") is an individual residing and doing business within the State of California.

12. Plaintiff is informed, believes and thereon alleges that Defendant Stephanie Harlan-Murphy ("Defendant Stephanie Harlan-Murphy") is an individual residing and doing business within the State of California.

13. Plaintiff is informed, believes and thereon alleges that the individual Defendants named in the case (Defendant Brian Harlan, Defendant Arden Harlan, Defendant Amanda Harlan, and Stephanie Harlan-Murphy) are and during times relevant herein were the shareholders, owners, officers and/or directors of BAW Co., BAW Holdings, and BAW LLC and insiders who controlled and/or was in the a position to control those entities including specifically and without limitation, the assets held by the entities for the benefit of Plaintiffs which are the subject of this Complaint.

### III.

### ALTER EGO ALLEGATIONS

14. Plaintiffs hereby reallege and incorporate by paragraphs 1 through 13, inclusive, of this Complaint as fully set forth herein.

15. Plaintiffs are informed and believe and, on that basis, allege that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between all Defendants named herein such that any individuality and separateness between these Defendants have ceased. Defendants have at all times exercised control and dominion over each other with a disregard for the separate legal status of these entities in an attempt to defraud and harm Plaintiff.

16. Adherence to the fiction of the separate existence of the Defendants as separate entities distinct from each other would permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that Plaintiffs would be unable to realize upon any judgment in their favor.

17. Plaintiffs are informed and believe and, on that basis, allege that Defendants are all alter egos of each other, in that they all share some of the same ownership, interests, commingled assets, management, and marketing.

## IV.

## GENERAL ALLEGATIONS

18. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 17, inclusive, of this Complaint as though fully set forth herein.

19. Plaintiffs have loaned Defendants various sums of money through their various entities, which are evidenced through loan agreements, along with written acknowledgment of said loans.

20. On December 15, 2022, Plaintiff Brown entered into a Loan Extension Agreement with Defendant BAW Co. for a principal loan amount of $200,000.00 with interest payments, along with full repayment due by February 15, 2023 (the "First 12/15/2022 Agreement").

21. A true and correct copy of the First 12/15/2022 Agreement is attached hereto as **Exhibit 1.**

22. Also on December 15, 2022, Plaintiff Brown entered into a separate Loan Extension Agreement with Defendant BAW Co. for a principal loan amount of $100,000.00 with interest payments, along with full repayment also due by February 15, 2023 (the "Second 12/15/2022 Agreement").

23. A true and correct copy of the Second 12/15/2022 Agreement is attached hereto as **Exhibit 2.**

24. On January 1, 2023, parties Plaintiff Bor Muerto and Defendant BAW Co. entered into a further Loan Investment Agreement for a principal sum of $100,00.00 with interest payments, along with full repayment in the amount of $110,000.00 due by January 1, 2024 (the "1/1/2023 Agreement").

25. A true and correct copy of the 1/1/2023 Agreement is attached hereto as **Exhibit 3.**

26. On November 21, 2023, parties Plaintiff Bor Muerto and Defendant Brian Harlan, on his own behalf with a personal guarantee, as well on behalf of Defendants BAW Co. and

BAW LLC, entered into a written agreement whereby the aforementioned defendants would repay Plaintiffs the amount of $297,456.00 for money already loaned within seventy-two (72) hours (the "11/21/2023 Agreement").

27. A true and correct copy of the 11/21/2023 Agreement is attached hereto as **Exhibit 4.**

28. On June 24, 2024, Plaintiff CBJ12 entered into a written agreement with Defendants BAW Co. and BAW LLC whereby the parties agreed that the aforementioned defendants would repay the amount of $11,000.00, with interest, and at no point later than a refinance or sale of those businesses (the "6/24/2024 Agreement").

29. The 6/24/2024 Agreement called for joint and several liability between the signing defendants.

30. A true and correct copy of the 6/24/2024 Agreement is attached hereto as **Exhibit 5.**

31. On July 5, 2024, Plaintiff CBJ12 entered into a written agreement again with Defendants BAW Co. and BAW LLC whereby the parties agreed that the aforementioned defendants would repay the amount of $3,500.00, with interest, and at no point later than a refinance or sale of those businesses (the "7/5/2024 Agreement").

32. The 7/5/2024 Agreement also called for joint and several liability between the signing defendants.

33. A true and correct copy of the 7/5/2024 Agreement is attached hereto as **Exhibit 6.**

34. On August 25, 2023, Plaintiff CBJ12 entered into a written agreement again with Defendants BAW Co. and BAW LLC whereby the parties agreed that the aforementioned defendants would repay the amount of $60,000 and $35,000, with interest, and at no point later than a refinance or sale of those businesses (the "8/25/2023 Agreement").

35. A true and correct copy of the 8/25/2023 Agreement is attached hereto as **Exhibit 7.**

36. Finally, on August 29, 2024, Plaintiff CBJ12 entered into a written Bottling, Purchase and Sales Agreement with Defendants BAW Co., BAW Holdings, Defendant Brian Harlan, as well as all subsidiary entities (the "Bottling Agreement").

37. The Bottling Agreement called for Plaintiff CBJ12 to provide up to $125,000.00 for wine bottling costs, as well as up to $55,000.00 for ancillary costs ie: healthcare, utilities and

1  payroll for the Defendants and Defendants employees, for a total amount not to exceed

2  $180,000.00, repayable through the amount of one-third (1/3) amount of proceeds

3  received from the Defendants' wine club(s), a multiple of four times on bottling costs up

4  to the amount spent by Plaintiffs, full reimbursement on all ancillary costs advanced, a

5  royalty fee of $15.00 (fifteen-dollars) per bottle of wine sold by Defendants in perpetuity

6  on all thirteen-hundred-sixty-three (1363) remaining bottles, as well as fifty (50) cases of

7  unlabeled bottles of wine.

8  38. A true and correct copy of the Bottling Agreement is attached hereto as **Exhibit 8.**

9  39. Defendants have defaulted on every agreement alleged in above paragraphs 20, 22, 24,

10  26, 28, 31, 34, 36 and 37 (collectively, the "Agreements").

**V.**

**FIRST CAUSE OF ACTION**

**(Breach of Contract – Against all Defendants)**

40. Plaintiffs hereby reallege and incorporates by reference paragraphs 1 through 39,

inclusive, of this Complaint as though fully set forth herein.

41. Plaintiffs have abided by all obligations as required by the Agreements.

42. Notwithstanding, Defendants have defaulted on all of the Agreements by not repaying as

required for loans, as well as by not paying pursuant to the Bottling Agreement.

43. Plaintiff Jonathan Brown, through himself as well as on behalf of Plaintiffs CBJ12 and

Bor Muerto have made demand for payment pursuant to the Agreements, to no avail.

44. The required payments under the Agreements in the aforementioned preceding

paragraphs have not been paid by Defendants.

45. Plaintiffs have repeatedly demanded that Defendants pay these amounts, which were and

continue to be due and owing based on the Agreements.  However, Defendants have

failed and refused, and continue to fail and refuse, to pay Plaintiffs for the loan amounts

and amounts due under the Bottling Agreement.  As of this date, a cumulative principal

amount no less than $1,136,393.39is due and owing to Plaintiffs from Defendants.  By

these acts and omissions, Defendants are in breach of contract.

VIK CHAUDHRY, SBN 273952
VC LAW GROUP, LLP
2292 FARADAY AVE.., STE 14
CARLSBAD, CA 92008

COMPLAINT

46. Plaintiffs have performed all conditions, covenants and obligations required to be performed by it under the Agreements as set forth herein.

47. As a direct and proximate result of the failure of all Defendants to remit payment due to Plaintiff as described above, Plaintiffs have suffered losses in the cumulative principal amount of at least $1,136,393.39, plus interest, costs and attorney's fees in amounts to be determined.

## VI.

### SECOND CAUSE OF ACTION

### (Breach of Implied in Fact Contract -Against All Defendants)

48. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

49. Multiple implied-in-fact contracts have been created between Plaintiffs and Defendants as set forth above, as well as through their conduct and business together.

50. Defendants accepted Plaintiffs' loans over a period of years, which have not been repaid.

51. Plaintiffs thereafter performed, i.e. by lending hundreds of thousands of dollars to Defendants for their business interests, with the understanding that they would be repaid.

52. An implied-in-fact contract was thereby created between the parties requiring Defendants to repay pursuant to the Agreements.

53. On information and belief, when Plaintiffs entered into the Agreements, they were entering into an implied agreement outlining the parties' respective obligations under those Agreements.

54. Those Agreements between the parties are clear and obligated the Defendants to make substantial loan repayments, which have not been repaid.

55. Plaintiffs have fully performed under the implied-in-fact contracts and fulfilled their obligations under the Agreements.

56. Defendants have however breached their obligations under the implied-in-fact contracts, i.e. the Agreements by failing to repay as required.

57. As a direct and proximate cause of Defendants' breach, Plaintiffs have been damaged in a sum to be proven at trial, along with interest, legal fees, and costs.

## VII.

## THIRD CAUSE OF ACTION

### (Fraudulent Inducement – Against All Defendants)

58. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 57, inclusive, of this Complaint as though fully set forth herein.

59. Defendants have chosen to actively make the misrepresentations that they would pay pursuant to the Agreements outlined above.

60. Plaintiffs made investments in the amounts of $25,000 on May 10, 2024 and $25,000 on August 24, 2017 based on written and verbal representations made by Defendants promising a 10% (ten-percent) rate of return which was never provided to Plaintiffs and was misused and mismanaged by Defendant. Defendants also made such representations regarding the financial position of Defendants and the intentions to recapitalize and refinance Defendants in order to incur such funding and further funding. Defendants made written and verbal promises of recapitalization and refinancing of Plaintiffs investments promising repayment of principal, interest and/or dividend along with a stake in their entities in perpetuity in an order to get funding from Plaintiffs without any actual intent to repay.

61. Defendants have acted with fraudulent intent to jeopardize Plaintiff's financial abilities, by requesting investments as well as loan after loan, but without any actual intent to repay.

62. Defendants made these misrepresentations, knowing they were false, for the sole purpose of harming the Plaintiff and gaining their own financial gain.

63. As a reasonable and proximate result of Defendants' actions and misrepresentations, Plaintiffs have been damaged in a sum to be proven at trial but which they believe includes, but is not limited to, compensatory damages, attorney's fees, punitive damages, interest, on-going accruing interest and damages, and costs of suit.

## VIII.

## FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty – Against All Defendants)

64. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 63, inclusive, of this Complaint as though fully set forth herein.

65. Plaintiffs are informed, believe and thereon allege that during times relevant to this action, that individual Defendants Brian Harlan, Arden Harlan, Amanda Harlan, and Stephanie Harlan-Murphy (collectively, the "Individual Defendants") were the controlling officers, directors, members, shareholders and/or owner of Defendants BAW Co., BAW Holdings and BAW LLC (collectively, the "Corporate Defendants").

66. As the controlling officers, directors, members, shareholders and/or owners of the Corporate Defendants, the Individual Defendants had and continue to have, a duty to ensure that the Corporate Defendants fulfill their duties to those corporate entities, as well as maintain their assets in such a manner so as to ensure that there were, at all times, sufficient assets available to satisfy all outstanding corporate obligations, including those owed to Plaintiffs.

67. Plaintiffs are informed, believe and thereon allege that during all times relevant herein the Individual Defendants had knowledge of and responsibility over the distribution of assets on behalf of the Corporate Defendants.

68. Plaintiffs are informed, believe and thereon allege that the Individual Defendants controlled or had and continue to have, a duty to control the Corporate Defendants financial dealings.

69. Plaintiffs are informed, believe and thereon allege that the both the Individual and Corporate Defendants breached their fiduciary duties to maintain assets to pay the debts of the defendants' corporate obligations as they became due.

70. As a direct and proximate cause and result of Defendants' breaches of their fiduciary duties, Plaintiff has incurred damages in the cumulative amount of no less than $1,136,393.39, plus recoverable interest, attorneys' fees and costs.

71. The Individual and Corporate Defendants are jointly and severally personally liable to Plaintiffs for the breach of fiduciary duty in dissipating corporate property owed to Plaintiff, which includes the principal balance due, plus interest, costs and attorneys' fees as set forth above.

## IX.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment – Against All Defendants)

72. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 71, inclusive, of this Complaint as thought fully set forth herein.

73. Defendants, and each of them, have converted, or are now in the process of converting, to their own use and benefit, certain winery-related products and substantial money lent by Plaintiffs, and/or the proceeds derived therefrom, valued in the cumulative principal amount due of at least $1,136,393.39, as separately set forth above.

74. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

75. As a direct and proximate result of the wrongful conversion of funds due to Plaintiffs, they have been damaged and Defendants have been unjustly enriched in the cumulative principal amount of no less than $1,136,393.39.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION

### (For Breach of Contract)

1. For damages in the combined amount of no less than $1,136,393.39, to be proven at trial or via prove up or evidence as against all named Defendants;

2. For interest from the date the obligation became due and payable to Plaintiff under the allegations herein, in an amount to be proven at trial or via prove up or evidence, against all named Defendants;

3. For reasonable attorney's fees and costs of suit incurred herein; and

4. For other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Breach of Implied-In-Fact Contract)

1. For damages in the combined amount of no less than $1,136,393.39, to be proven at trial or via prove up or evidence as against all named Defendants;

2. For interest from the date the obligation became due and payable to Plaintiff under the allegations herein, in an amount to be proven at trial or via prove up or evidence, against all named Defendants;

3. For reasonable attorney's fees and costs of suit incurred herein; and

4. For other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### (Fraudulent Inducement)

1. For damages in the combined amount of no less than $1,136,393.39, to be proven at trial or via prove up or evidence as against all named Defendants;

2. For interest from the date the obligation became due and payable to Plaintiff under the allegations herein, in an amount to be proven at trial or via prove up or evidence, against all named Defendants;

3. For reasonable attorney's fees and costs of suit incurred herein;

4. For punitive damages according to proof; and

5. For other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

5. For damages in the combined amount of no less than $1,136,393.39, to be proven at trial or via prove up or evidence as against all named Defendants;

6. For interest from the date the obligation became due and payable to Plaintiff under the allegations herein, in an amount to be proven at trial or via prove up or evidence, against all named Defendants;

7. For reasonable attorney's fees and costs of suit incurred herein; and

8.  For other and further relief as the Court may deem just and proper.

### FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

9.  For damages in the combined amount of no less than $1,136,393.39, to be proven at trial or via prove up or evidence as against all named Defendants;

10. For interest from the date the obligation became due and payable to Plaintiff under the allegations herein, in an amount to be proven at trial or via prove up or evidence, against all named Defendants;

11. For reasonable attorney's fees and costs of suit incurred herein; and

12. For other and further relief as the Court may deem just and proper.

13. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

VC LAW GROUP, LLP

DATED: October 8, 2024                    By:    \_/s/ Vik Chaudhry_____
                                                  Vik Chaudhry
                                                  Attorney for Plaintiffs