# EXHIBIT 1

DocuSign Envelope ID: D466EBA9-E6FF-4244-A7E7-53C30AE31EBF

# B R I A N   A R D E N

Brian Arden Wines

331 Silverado Trail

Calistoga, CA 94515


December 15, 2022


### *LOAN AGREEMENT*
### *EXTENSION*


Principal Loan Amount: $200,000.00


For value received, the undersigned Brian Arden Wines Operating Co. (the "Borrower"), at 331 Silverado Trail, Calistoga, California 94515, promises to pay to the order of Jonathan G. Brown (the "Lender"), at 748 Creekside Drive Rossford, OH 43460 (or at such other place as the Lender may designate in writing), the sum of $200,000.00 with interest from December 15, 2022 through February 15, 2023. Borrower agrees to repay Lender interest monthly equaling $3,500.00 per month. The first interest payment will be made on or before January 15, 2022 and the second and final interest payment will be made on or before February 15, 2023, which this February 15, 2023 payment will also include the full repayment of the principal amount of $200,000.

## I. TERMS OF REPAYMENT

### A. Payments

Borrower will begin making its interest payments on January 15, 2022. All payments will made electronically. The full amount due payable for this Loan Agreement is $207,000. Therefore, the first payment of $3,500.00 will be due on January 15, 2022 and continue the monthly interest payments for the term of this Note with the last payment being monthly interest of $3,500 and outstanding principal of $200,000 totaling $207,000 due payable February 15, 2023 for this Loan Agreement.

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

## C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. SECURITY

This Loan Agreement is secured by personal property in a 2.5% B-Non-Financial-Non-Dilutable-Shares ownership in Brian Arden Wines Operating Co.. B-Shares are represented and warranted by Borrower to be non-financial which in turn results in the B-Shares to be non-dilutable. If this Loan Agreement is not paid in full by March 15, 2023, as defined by any accrued interest or principal remaining unpaid, Lender shall initiate transfer of 2.5% B-Shares as referenced above no later than March 19, 2023 and all unpaid interest and principal amounts will still remain due in accordance with the following terms. All unpaid interest and principal amounts will continue to accrue interest of $100 per calendar day and will remain due payable in full to Borrower until all unpaid interest and principal amounts are paid in full. Payments will be due payable weekly, every 7th day of each month beginning February 22, 2023 (due payable on the 22nd, 29th, 6th, 15th and so forth of each consecutive month) accruing interest payable in full until entire principal balance of $200,000 and all accrued interest as is paid in full. The Lender is not required to rely on the above security instrument and the assets secured therein for the payment of this Note in the case of default, but may proceed directly against the Borrower.

## III. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this note in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

## IV. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## V. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

    1) the failure of the Borrower to pay the principal and any accrued interest when due;

    2) the liquidation, dissolution, incompetency or death of the Borrower;

    3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

    4) the application for the appointment of a receiver for the Borrower;

    5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any assets pledged as security for the payment of this Note, or if there is a default in any security agreement which secures this Note. Borrower shall be financially responsible for any and all legal expenses associated with any litigation pursuant to this Note if required by Lender to seek restitution to collect outstanding debts hereto.

## VI. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VII. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VIII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Ohio.

## IX. SIGNATURES

This Note shall be signed by Brian Harlan, on behalf of Brian Arden Wines Operating Co. and Jonathan G Brown.

**[SIGNATURES TO FOLLOW]**

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

1/9/2023

Signed this 15th day of December, 2022 at _____, _____.

Borrower:

Brian Arden Wines Operating Co.

By: _____     Date: _____
E78C1733BEB0453...                                    1/9/2023

Brian Harlan

Lender:

Jonathan G. Brown

By: _____     Date: _____
8B0BA5C5F1F349F...                                    1/9/2023

# EXHIBIT 2



Brian Arden Wines

331 Silverado Trail

Calistoga, CA 94515


December 15, 2022


### *LOAN AGREEMENT*
### *EXTENSION*


Principal Loan Amount: $100,000.00


For value received, the undersigned Brian Arden Wines Operating Co. (the "Borrower"), at 331 Silverado Trail, Calistoga, California 94515, promises to pay to the order of Jonathan G. Brown (the "Lender"), at 748 Creekside Drive Rossford, OH 43460 (or at such other place as the Lender may designate in writing), the sum of $100,000.00 with interest from December 15, 2022 through February 15, 2023. Borrower agrees to repay Lender interest monthly equaling $2,000.00 per month. The first interest payment will be made on or before January 15, 2022 and the second and final interest payment will be made on or before February 15, 2023, which this February 15, 2023 payment will also include the full repayment of the principal amount of $100,000.

## I. TERMS OF REPAYMENT

### A. Payments

Borrower will begin making its interest payments on January 15, 2022. All payments will made electronically. The full amount due payable for this Loan Agreement is $104,000. Therefore, the first payment of $2,000.00 will be due on January 15, 2022 and continue the monthly interest payments for the term of this Note with the last payment being monthly interest of $2,000 and outstanding principal of $100,000 totaling $104,000 due payable February 15, 2023 for this Loan Agreement.

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

## C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. SECURITY

This Loan Agreement is secured by personal property in a 1% B-Non-Financial-Non-Dilutable-Shares ownership in Brian Arden Wines Operating Co.. B-Shares are represented and warranted by Borrower to be non-financial which in turn results in the B-Shares to be non-dilutable. If this Loan Agreement is not paid in full by March 15, 2023, as defined by any accrued interest or principal remaining unpaid, Lender shall initiate transfer of 1% B-Shares as referenced above no later than March 19, 2023 and all unpaid interest and principal amounts will still remain due in accordance with the following terms. All unpaid interest and principal amounts will continue to accrue interest of $100 per calendar day and will remain due payable in full to Borrower until all unpaid interest and principal amounts are paid in full. Payments will be due payable weekly, every 7th day of each month beginning February 22, 2023 (due payable on the 22nd, 29th, 6th, 15th and so forth of each consecutive month) accruing interest payable in full until entire principal balance of $100,000 and all accrued interest as is paid in full. The Lender is not required to rely on the above security instrument and the assets secured therein for the payment of this Note in the case of default, but may proceed directly against the Borrower.

## III. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this note in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

## IV. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## V. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

   1) the failure of the Borrower to pay the principal and any accrued interest when due;

   2) the liquidation, dissolution, incompetency or death of the Borrower;

   3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

   4) the application for the appointment of a receiver for the Borrower;

   5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any assets pledged as security for the payment of this Note, or if there is a default in any security agreement which secures this Note. Borrower shall be financially responsible for any and all legal expenses associated with any litigation pursuant to this Note if required by Lender to seek restitution to collect outstanding debts hereto.

## VI. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VII. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VIII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Ohio.

## IX. SIGNATURES

This Note shall be signed by Brian Harlan, on behalf of Brian Arden Wines Operating Co. and Jonathan G Brown.

**[SIGNATURES TO FOLLOW]**

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this 15th day of December, 2022 at _____, 1/9/2023 _____.

Borrower:

Brian Arden Wines Operating Co.

By: _____   Date: _____ 1/9/2023

Brian Harlan

Lender:

Jonathan G. Brown

By: _____   Date: _____ 1/9/2023

# EXHIBIT 3



# B R I A N    A R D E N

Brian Arden Wines

331 Silverado Trail

Calistoga, CA 94515


Date: January 1, 2023

***LOAN INVESTMENT***
***AGREEMENT***

Principal Investment Loan Amount: $100,000.00

For value received in the amount of $100,000 USD ("Investment") via wire in November 2022, the undersigned Brian Arden Wines Operating Co. (the "Borrower"), at 331 Silverado Trail, Calistoga, California 94515, has agreed as of January 1, 2023 to have Investment converted into a Loan while still maintaining the originally B-Share equity ownership percentage at time of Investment. This Loan Investment Agreement ("Agreement") promises to pay to the order of Bor Muerto LLC (the "Lender"), at 748 Creekside Drive Rossford, OH 43460 (or at such other place as the Lender may designate in writing), the sum invested of $100,000.00 as a Loan with an annual interest rate of 10% (ten-percent). Borrower agrees to repay Lender Investment plus all accrued monthly interest equaling $833.33 as a balloon payment at the time of a refinance or the time of a sale in accordance with the refinance or sale, as a part of the Loan Notes to the winery as accrued debt. The interest will compound and will accrue monthly. It is understood and agreed hereto that as of January 1, 2024 the amount due will be $110,000.00 USD and will continue to accrue the 10% monthly, per annum, on a monthly basis so forth.


## I. TERMS OF REPAYMENT


### A. Payments

Borrow agrees that all payments will made electronically. The full amount due payable for this Loan Agreement will be calculated at time of refinance or sale in accordance with the Loan Notes to Brian Arden Winery.


### B. Application of Payments

All payments on this Agreement shall be applied first in payment of accrued interest and any remainder in payment of principal.


### C. Acceleration of Debt

If any payment obligation under this Agreement is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. SECURITY

This Loan Agreement remains in accordance with the equity position originally provided with the $100,000.00 investment 1.4% B-Shares of ownership in Brian Arden Wines Operating Co.. B-Shares are represented and warranted by Borrower. All unpaid interest and principal amounts will continue to accrue interest of 10% (ten-percent) per annum until all unpaid interest and principal amounts are paid in full. The Lender is not required to rely on the above security instrument and the assets secured therein for the payment of this Agreement in the case of default, but may proceed directly against the Borrower.

## III. PREPAYMENT

The Borrower reserves the right to prepay this Agreement (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this Agreement in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

## IV. COLLECTION COSTS

If any payment obligation under this Agreement is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## V. DEFAULT

If any of the following events of default occur, this Agreement and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest when due;

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any assets pledged as security for the payment of this Agreement, or if there is a default in any security agreement which secures this Agreement. Borrower shall be financially responsible for any and all legal expenses associated with any litigation pursuant to this Agreement if required by Lender to seek restitution to collect outstanding debts hereto.

## VI. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Agreement are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VII. MISCELLANEOUS

All payments of principal and interest on this Agreement shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Agreement.

No delay in enforcing any right of the Lender under this Agreement, or assignment by Lender of this Agreement, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Agreement without notice being given to Borrower. All rights of the Lender under this Agreement are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This Agreement may not be amended without the written approval of the holder.

## VIII. GOVERNING LAW

This Agreement shall be construed in accordance with the laws of the State of Ohio.

## IX. SIGNATURES

This Agreement shall be signed by Brian Harlan, on behalf of Brian Arden Wines Operating Co. and Jonathan G Brown.

**[SIGNATURES TO FOLLOW]**

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this 1st day of January, 2023 at _5/28/2024_ _____, _____.

Borrower:

Brian Arden Wines Operating Co.

By: _____   Date: _5/28/2024_____
E78C1733BEB0453...

Brian Harlan

Lender:

Bor Muerto LLC, Jonathan G. Brown, Manager

By: _Jonathan Brown_____   Date: _5/28/2024_____
8B0BA5C5F1F349F...

# EXHIBIT 4

The agreement is as follows: Brian Harlan on behalf of Brian Arden Winery and with a personal guarantee, agrees to repay $297,456.00 as contained below in detail, within 72-hours, excluding Sundays, of closing the Laguna Canyon. and processing with the official company CPA / bookkeeper that the Bor Muerto LLC (Jonathan G Brown, Manager) ownership  Harlan on behalf of Brian Arden Winery and with a personal guarantee provides full representations and warranties that his signature on the Laguna Canyon Term Sheet is a legally binding agreement to move forward to secure the loan for Brian Arden Winery in the amount of $6,271,777.49. The fully executed Term Sheet is attached and will be to the full Loan Agreement.

Loaned $60k Interest $6k - Total repayment $66k on or before Oct 15, 2023
Deliquent.
Accrued Interest $2,500
Accrued Equity .75% Non-Dilutable Non-Financial Shares

Loaned $35k Interest $2.5k - Total repayment $37,500 on or before Oct 15, 2023
Deliquent
Accrued Interest $2,000
Accrued Equity .75% Non-Dilutable Non-Financial Shares

Loaned $100k Interest $2k -
Deliquent
Accrued Interest July 2023, Aug 2023, Sept 2023, Oct 2023, Nov 2023 = $10k

Loaned $200k Interest $3.5k -
Deliquent
July 2023, Aug 2023, Sept 2023, Oct 2023, Nov 2023, Dec 2023 = $21k

Total Due Oct 15, 2023 = $430,000

Additional to Loan:
Pay Laguna Loan Processing: $11,000
Pay PGE Electric: $21,455.54
Pay Payroll: $15,500.46
Total New Loan: $47,956.00

Brian Arden Income Generation in November ~ $18,500
Health Insurance $27,000 (by November 30)
Extra Loan by November 30, 2023 = $8,500 (separate loan agreement)

Total Past Due to be made paid at closing with Laguna to clear $60k loan + interest, $35k loan + interest, $100k loan + interest and interest on $200k loan = $239,000
(all attached and to be attached to new paperwork as exhibits)
New Loan = $47,956.00 + $2,000 = $49,956.00

+ $8,500 on November 28, 2023 = TOTAL $297,456.00

TOTAL DUE PAYABLE TO BE WIRED FROM BRIAN ARDEN WINERY TO CBJ12 LLC
WITHIN 72 HOURS, EXCLUDING SATURDAY, SUNDAY & BANK HOLIDAYS, OF
CLOSING LAGUNA CANYON LOAN PER THE TERM SHEET ATTACHED = $297,456.00

If $297,456.00 in its full and entirety is not wired and received within 72-hours of closing the Laguna
Canyon Group loan, excluding Sundays, Brian Harlan on behalf of Brian Arden Winery agrees to
transfer 3% Non-Financial B Shares to Bor Muerto LLC, Jonathan G Brown, Manager. If full
repayment of $297,456.00 is still not repayed in full within 7 business days, Brian Harlan on behalf
of Brian Arden Winery agrees to transfer an additional 5% of his ownership in Operating Shares C-
Shares to Bor Muerto LLC, Jonathan G. Brown, Manager. Total repayment of $297,456.00 will still
remain due payable and transfer of shares / ownership does not constitute the repayment in any
way. If 7 business days passes since Laguna Canyon Loan closing and the full repayment amount is
not satisfied, Brian Arden on behalf of Brian Arden Winery will accrue $250 per day of additional
interest and Jonathan G. Brown on behalf of Bor Muerto LLC, CBJ12 LLC and individually,
reserves all rights to legal proceedings in accordance with the above both to the corporate /
company and personally as well.

The intent of this is simply to 100% follow-through on the agreement as I am only doing this to
help and I need my money back ASAP so it needs some type of security and strong incentive and
tight but fair timeline.

Agreed to by:

**DocuSigned by:**

E78C1733BEB0453...                          11/21/2023

Brian Harlan of Brian Arden Wines Op Co. & BAW Capital

**DocuSigned by:**

*Jonathan Brown*

8B0BA5C5F1F349F...                          11/21/2023

Jonathan Brown

# EXHIBIT 5

# B R I A N   A R D E N

Brian Arden Wines

331 Silverado Trail

Calistoga, CA 94515

Date: June 24, 2024

### *LOAN INVESTMENT*
### *AGREEMENT*

Principal Investment Loan Amount: $11,000.00

For value received in the amount of $11,000.00 USD ("Loan") via wire in June 24, 2024, the undersigned Brian Arden Wines Operating Co. and BAW Capital LLC, jointly and severally, (the "Borrower"), at 331 Silverado Trail, Calistoga, California 94515, has agreed as of June 24, 2024 to have the full amount loaned repaid and have attached the supporting documentation to this Loan Agreement. This Loan Agreement ("Agreement") promises to pay to the order of CBJ12 LLC (the "Lender"), at 748 Creekside Drive Rossford, OH 43460 (or at such other place as the Lender may designate in writing), the sum loaned of $11,000.00 as a Loan and the initial penalty of not repayment not being completed on or before June 24, 2024 in the amount of $1,000.00. Beginning July 1, 2024, this Loan will begin accruing daily interest at an annual interest rate of 12% (twelve-percent). Borrower agrees to repay Lender Loan plus all accrued daily interest as a balloon payment at the time of a refinance or the time of a sale in accordance with the refinance or sale, as a part of the Loan Notes to the winery as accrued debt. It is understood that the interest will continue and accrue the 12% monthly, per annum, on a monthly basis so forth.

## I. TERMS OF REPAYMENT

### A. Payments

Borrow agrees that all payments will made electronically. The full amount due payable for this Loan Agreement will be calculated at time of refinance or sale in accordance with the Loan Notes to Brian Arden Winery.

### B. Application of Payments

All payments on this Agreement shall be applied first in payment of accrued interest and any remainder in payment of principal.

**C. Acceleration of Debt**

If any payment obligation under this Agreement is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

**II. SECURITY**

All unpaid interest and principal amounts will continue to accrue interest of 12% (twelve-percent) per annum until all unpaid interest and principal amounts are paid in full in accordance with the Loan Notes of the Winery. The Lender is not required to rely on the above security instrument and the assets secured therein for the payment of this Agreement in the case of default, but may proceed directly against the Borrower.

**III. PREPAYMENT**

The Borrower reserves the right to prepay this Agreement (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this Agreement in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

**IV. COLLECTION COSTS**

If any payment obligation under this Agreement is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

**V. DEFAULT**

If any of the following events of default occur, this Agreement and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

    1) the failure of the Borrower to pay the principal and any accrued interest when due;

    2) the liquidation, dissolution, incompetency or death of the Borrower;

    3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

    4) the application for the appointment of a receiver for the Borrower;

    5) the making of a general assignment for the benefit of the Borrower's creditors;

    6) the insolvency of the Borrower;

    7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

    8) the sale of a material portion of the business or assets of the Borrower.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any assets pledged as security for the payment of this Agreement, or if there is a default in any security agreement which secures this Agreement. Borrower shall be financially responsible for any and all legal expenses associated with any litigation pursuant to this Agreement if required by Lender to seek restitution to collect outstanding debts hereto.

## VI. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Agreement are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VII. MISCELLANEOUS

All payments of principal and interest on this Agreement shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Agreement.

No delay in enforcing any right of the Lender under this Agreement, or assignment by Lender of this Agreement, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Agreement without notice being given to Borrower. All rights of the Lender under this Agreement are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This Agreement may not be amended without the written approval of the holder.

## VIII. GOVERNING LAW

This Agreement shall be construed in accordance with the laws of the State of Ohio.

## IX. SIGNATURES

This Agreement shall be signed by Brian Harlan, on behalf of Brian Arden Wines Operating Co. and BAW Capital LLC and CBJ12 LLC.

**[SIGNATURES TO FOLLOW]**

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this 9th day of July, 2024 at _____, _____.

Borrower:

Brian Arden Wines Operating Co. and BAW Capital LLC, jointly and severally.

By: _____ Date: _____
8/23/2024

    Brian Harlan

Lender:

CBJ12 LLC, Jonathan G. Brown, Manager

By: _____ Date: _____
8/23/2024

# EXHIBIT 6



Brian Arden Wines

331 Silverado Trail

Calistoga, CA 94515


Date: July 5, 2024

### *LOAN INVESTMENT*
### *AGREEMENT*

Principal Investment Loan Amount: $3,500.00

For value received in the amount of $3,500.00 USD ("Loan") via wire in July 5, 2024, the undersigned Brian Arden Wines Operating Co. and BAW Capital LLC, jointly and severally,, (the "Borrower"), at 331 Silverado Trail, Calistoga, California 94515, has agreed as of July 9, 2024 to have the full amount loaned repaid and have attached the supporting documentation to this Loan Agreement. This Loan Agreement ("Agreement") promises to pay to the order of CBJ12 LLC (the "Lender"), at 748 Creekside Drive Rossford, OH 43460 (or at such other place as the Lender may designate in writing), the sum loaned of $3,500.00 as a Loan and the initial penalty of not repayment not being completed on or before July 9, 2024 in the amount of $750.00. Beginning July 9, 2024, this Loan will begin accruing daily interest at an annual interest rate of 12% (twelve-percent). Borrower agrees to repay Lender Loan plus all accrued daily interest as a balloon payment at the time of a refinance or the time of a sale in accordance with the refinance or sale, as a part of the Loan Notes to the winery as accrued debt. It is understood that the interest will continue and accrue the 12% monthly, per annum, on a monthly basis so forth.


**I. TERMS OF REPAYMENT**


**A. Payments**


Borrow agrees that all payments will made electronically. The full amount due payable for this Loan Agreement will be calculated at time of refinance or sale in accordance with the Loan Notes to Brian Arden Winery.


**B. Application of Payments**


All payments on this Agreement shall be applied first in payment of accrued interest and any remainder in payment of principal.

**C. Acceleration of Debt**

If any payment obligation under this Agreement is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

**II. SECURITY**

All unpaid interest and principal amounts will continue to accrue interest of 12% (twelve-percent) per annum until all unpaid interest and principal amounts are paid in full in accordance with the Loan Notes of the Winery. The Lender is not required to rely on the above security instrument and the assets secured therein for the payment of this Agreement in the case of default, but may proceed directly against the Borrower.

**III. PREPAYMENT**

The Borrower reserves the right to prepay this Agreement (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this Agreement in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

**IV. COLLECTION COSTS**

If any payment obligation under this Agreement is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

**V. DEFAULT**

If any of the following events of default occur, this Agreement and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest when due;

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any assets pledged as security for the payment of this Agreement, or if there is a default in any security agreement which secures this Agreement. Borrower shall be financially responsible for any and all legal expenses associated with any litigation pursuant to this Agreement if required by Lender to seek restitution to collect outstanding debts hereto.

## VI. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Agreement are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VII. MISCELLANEOUS

All payments of principal and interest on this Agreement shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Agreement.

No delay in enforcing any right of the Lender under this Agreement, or assignment by Lender of this Agreement, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Agreement without notice being given to Borrower. All rights of the Lender under this Agreement are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This Agreement may not be amended without the written approval of the holder.

## VIII. GOVERNING LAW

This Agreement shall be construed in accordance with the laws of the State of Ohio.

## IX. SIGNATURES

This Agreement shall be signed by Brian Harlan, on behalf of Brian Arden Wines Operating Co. and BAW Capital LLC and CBJ12 LLC.

**[SIGNATURES TO FOLLOW]**

Docusign Envelope ID: 2AD7DA07-8C5D-4B33-8668-DA1109ABD75B

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this 9th day of July, 2024 at _____, _____.

Borrower:

Brian Arden Wines Operating Co. and BAW Capital LLC, jointly and severally.

By: _____ Date: _____  8/23/2024

    Brian Harlan

Lender:

CBJ12 LLC, Jonathan G. Brown, Manager

By: _____ Date: _____  8/23/2024

# EXHIBIT 7

# BALLOON PAYMENT PROMISSORY NOTE

# (UPDATED)

$35,000                                           Date: August 25, 2023

This Balloon Payment Promissory Note Updated, hereto, supersedes and replaces the previous note dated July 26, 2023 for value received, the undersigned Brian Arden Wines Operating Co. (the "Borrower"), at 331 Silverado Trail, Calistoga, California 94515, promises to pay to the order of Jonathan G. Brown (the "Lender"), at 748 Creekside Drive Rossford, OH 43460 (or at such other place as the Lender may designate in writing), the sum of $35,000.00. Borrower agrees to repay lender a one-time lump sum payment of $37,500 before October 15, 2023 ("Due Date").

## I. TERMS OF REPAYMENT

### A. Payments

THE BORROWER UNDERSTANDS THAT THE PAYMENT OF THE ABOVE INSTALLMENT PAYMENTS MAY NOT FULLY AMORTIZE THE PRINCIPAL BALANCE OF THE NOTE, AND THEREFORE, A BALLOON PAYMENT WILL BE DUE ON THE DUE DATE OF OCTOBER 15, 2023.

An additional two cases hereto as a part of this Promissory Note of wine have been credited to Jonathan G. Brown's WineDirect account for Brian Arden Wines.

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Late Fees

The Borrower promises to pay a late charge of $100 per calendar day if any balance remains due payable after its Due Date of the $37,500 due payable. This late charge shall accrue due payable as liquidated damages in lieu of actual damages, and not as a penalty. If fully payment of $37,500 is not made before October 15, 2023, $100 per calendar day will accrue and Borrower shall transfer an additional .75% Non-Dilutable B-Shares for 2023 K-1's. Payment of such late charge shall, under no circumstances, be construed to cure any default arising from or relating to such late payment.

### D. Acceleration of Debt

If any installment is not paid when due, the remaining unpaid principal balance and accrued interest shall become due immediately at the option of the Lender.

BH   JB

## II. SECURITY

This Loan Agreement is backed by personal property, represented by a .75% ownership in Brian Arden Wines Operating Co. of Non-Dilutable B-Shares. In the event that the total amount of $37,500 is not fully paid before October 15, 2023, encompassing any outstanding interest or principal, the Lender will proceed with the transfer of an additional .75% Non-Dilutable B-Shares, commencing on October 15, 2023. Any unpaid interest and principal will continue to accrue at a rate of $100 per calendar day, remaining the sole responsibility of the Borrower until the entire amount is paid in full.

Lender retains the right to initiate collection actions directly against the Borrower in the case of default, without necessarily relying on the aforementioned security instrument and its secured assets for payment of this Note.

## III. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty.

## IV. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## V. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

   1) the failure of the Borrower to pay the principal and any accrued interest when due;

   2) the death of the Borrower or Lender;

   3) the filing of bankruptcy proceedings involving the Borrower as a Debtor;

   4) the application for the appointment of a receiver for the Borrower;

   5) the making of a general assignment for the benefit of the Borrower's creditors;

   6) the insolvency of the Borrower;

   7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any for the payment of this Note, or if there is a default in any security agreement which secures this Note.

## VI. SEVERABILITY

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VII. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentation for payment, protest, and notice of protest and demand of this Note.

delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

## VIII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of California.

## IX. SIGNATURES

This Note shall be signed by Brian Harlan, on behalf of Brian Arden Wines Operating Co. and Jonathan G. Brown.

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Borrower:
Brian Arden Wines Operating Co.

DocuSigned by:

E78C1733BEB0453...

By: _____     Date: _____     8/30/2023

    Brian Harlan

Lender:
Jonathan Brown

DocuSigned by:

Jonathan Brown

8B0BA5C5F1F349F...

By: _____     Date: _____     8/30/2023



# **Wire Instructions**

BAW Capital LLC.

331 Silverado Trail

Calistoga, CA 94515


JP Chase Bank

Routing Number:

021000021 (Wires)

322271627 (ACH)


Account Number:

119796250

# BALLOON PAYMENT PROMISSORY NOTE

$60,000                                                    Date: August 25, 2023

For value received, the undersigned Brian Arden Wines Operating Co. (the "Borrower"), at 331 Silverado Trail, Calistoga, California 94515, promises to pay to the order of CBJ12 LLC (the "Lender"), at 748 Creekside Drive Rossford, OH 43460 (or at such other place as the Lender may designate in writing), the sum of $60,000.00. Borrower agrees to repay lender a one-time lump sum payment of $66,000 before October 15, 2023 ("Due Date"). Brian Arden Wines will also transfer .75% Non-Dilutable B-Shares for 2023 K-1's.

## I. TERMS OF REPAYMENT

### A. Payments

THE BORROWER UNDERSTANDS THAT THE PAYMENT OF THE ABOVE INSTALLMENT PAYMENTS MAY NOT FULLY AMORTIZE THE PRINCIPAL BALANCE OF THE NOTE, AND THEREFORE, A BALLOON PAYMENT WILL BE DUE ON THE DUE DATE OF OCTOBER 15, 2023.

An additional three cases hereto as a part of this Promissory Note of wine have been credited to Jonathan G. Brown's WineDirect account for Brian Arden Wines.

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Late Fees

The Borrower promises to pay a late charge of $100 per calendar day if any balance remains due payable after its Due Date of the $66,000 due payable. This late charge shall accrue due payable as liquidated damages in lieu of actual damages, and not as a penalty. If fully payment of $66,000 is not made before October 15, 2023, $200 per calendar day will accrue and Borrower shall transfer an additional .75% Non-Dilutable B-Shares for 2023 K-1's. Payment of such late charge shall, under no circumstances, be construed to cure any default arising from or relating to such late payment.

### D. Acceleration of Debt

If any installment is not paid when due, the remaining unpaid principal balance and accrued interest shall become due immediately at the option of the Lender.

## II. SECURITY

This Loan Agreement is backed by personal property, represented by a .75% ownership in Brian Arden Wines Operating Co. of Non-Dilutable B-Shares. In the event that the total amount of $66,000 is not fully settled by October 15, 2023, encompassing any outstanding interest or principal, the Lender will proceed with the transfer of an additional .75% Non-Dilutable B-Shares, commencing on October 15, 2023. Any unpaid interest and principal will continue to accrue at a rate of $100 per calendar day, remaining the sole responsibility of the Borrower until the entire amount is paid in full.

Lender retains the right to initiate collection actions directly against the Borrower in the case of default, without necessarily relying on the aforementioned security instrument and its secured assets for payment of this Note.

## III. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty.

## IV. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## V. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest when due;

2) the death of the Borrower or Lender;

3) the filing of bankruptcy proceedings involving the Borrower as a Debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any for the payment of this Note, or if there is a default in any security agreement which secures this Note.

## VI. SEVERABILITY

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VII. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentation for payment, protest, and notice of protest and demand of this Note. No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

DocuSign Envelope ID: EB44C1D4-487D-493C-B960-66708989D569

## VIII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of California.

## IX. SIGNATURES

This Note shall be signed by Brian Harlan, on behalf of Brian Arden Wines Operating Co. and CBJ12 LLC.

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Borrower:
Brian Arden Wines Operating Co.

By: _____   Date: _____

8/30/2023

Brian Harlan

Lender:
Jonathan Brown

By: _____   Date: _____

8/30/2023



# B R I A N    A R D E N

## <u>Wire Instructions</u>

BAW Capital LLC.

331 Silverado Trail

Calistoga, CA 94515

JP Chase Bank

Routing Number:

021000021 (Wires)

322271627 (ACH)

Account Number:

119796250

# EXHIBIT 8

## CBJ12 LLC & Brian Arden Wines Bottling, Purchase and Sale Agreement

August 29, 2024

**RE: Purchase and Sale Agreement between CBJ12 LLC (the "BUYER") and Brian Arden Wines including but not limited to BAW CAPITAL LLC, Brian Arden Wines Holdings, Inc. Brian Arden Wines Operating Company, and any/all other relevant subsidiaries, including Brian Harlan as an individual, jointly and severally (Collectively "BA" and/or the "SELLER").**

Whereas the BUYER and SELLER, collectively the PARTIES, wish to enter into an agreement for the acquisition and disposition of approximately 1,600 cases of BA wine:

1. BUYER agrees to fund the remaining 2024 bottling process for approximately 1,600 cases of wine (the "PRODUCT") at a cost of up to $125,000 (the "BOTTLING COSTS" as detailed in **Exhibit A**), as well as advancing up to $55,000 for health care and payroll for BA employees, and utilities and property taxes for the BA facility located at 331 Silverado Trail, Calistoga, CA 94515-1801 (the "ANCILLARY COSTS" as detailed in **Exhibit B**).
   a. BUYER shall not be responsible for any other costs, or any costs that exceed BUYER'S total investment of $180,000 unless mutually agreed upon in writing by both PARTIES.

2. BUYER will take ownership rights of 50 cases of unlabeled PRODUCT, and no more than 10 cases of a single varietal of wine after SELLER completes the bottling process. BUYER may use this PRODUCT for any purpose it deems appropriate.

3. SELLER agrees to warehouse and maintain all PRODUCT in a manner consistent with comparable high-end wineries and California industry standards, taking any and every precaution to protect the quality of the PRODUCT.

4. BUYER and SELLER will have the option and authority to sell the PRODUCT to any individual or organization it desires, including retail/wholesale outlets, subject to the PAYMENT provisions noted herein.

5. BUYER and SELLER will not discount the wholesale or retail price of the PRODUCT by more than 30% of the retail rates as detailed in **EXHIBIT A**, unless mutually agreed upon in writing by both PARTIES.

6.  SELLER agrees to full transparency on the BA Wine Club, including but not limited to projections, sales figures, sales history, member information, member purchases, top trending products, bulk discounts, etc.
    a.  SELLER agrees that the BA Wine Club orders shall not exceed 300 cases of the PRODUCT and no more than 50 cases of a single varietal of wine, unless mutually agreed upon in writing by both PARTIES.

7.  SELLER commits to immediately list all varietals of wine on the BA website as "Coming Soon" to help generate sales, as well as a process for customers to make preorders and complete transactions.

8.  SELLER agrees to handle sales through BA and provide full transparency on any/all transactions and reporting, in real-time. As part of this process, SELLER will blind carbon copy (bcc) BUYER'S email account at "**cbj1212llc@gmail.com**" on any/all transactions generated by SELLER'S automated system including but not limited to "Order Confirmation" emails, "Expected Delivery Date" emails, "Order Shipped" emails (including 3rd party shipping contractors), "Payment Processed" emails and the like.

9.  SELLER agrees to process all credit cards, checks, and/or cash payments through BA for sales of the PRODUCT. Funds received for the sale of the PRODUCT shall be sent by SELLER to BUYER within 48 hours after the transaction occurred, or within 48 hours of the funds clearing SELLER'S account, whichever occurs later.

10. SELLER agrees to handle all shipping and distribution of PRODUCT to the end customer in accordance with comparable high-end wineries and California industry standards.

11. While SELLER maintains the right to sell the PRODUCT (and compensate BUYER pursuant to the COMPENSATION clause noted herein), this does not prevent BUYER from continuing its efforts to also sell the PRODUCT. In the event BUYER sells the PRODUCT, SELLER agrees to package and distribute the cases BUYER sells and retain the portion of sales necessary to cover expenses associated with packaging and distribution, but SELLER does not receive any compensation whatsoever from BUYER. The transaction functions as if BUYER simply owns the bottles and warehouses them at BA, with SELLER providing packaging and distribution services for BUYER and its customers.

12. SELLER agrees to provide BUYER a Right of First Refusal to fund SELLER'S next bottling with additional barrel and gallon inventory as detailed in **Exhibit C**.

13. In the event of a disposition, joint venture, assignment, or any other transaction wherein a 3rd party acquires or assumes any interest in BA, or any of BA'S assets:

a. If the 3rd party wishes to purchase (or otherwise acquire in any form) the remaining unsold PRODUCT from SELLER, SELLER will compensate BUYER for any/all PRODUCT sold or transferred to the 3rd party pursuant to the BUYER'S COMPENSATION clause noted herein.

b. If the 3rd party does not purchase (or otherwise acquire in any form) the remaining unsold inventory from SELLER, then SELLER, as part of SELLER'S proceeds from the disposition, joint venture, assignment, or any other transaction will compensate BUYER for the remaining unsold PRODUCT pursuant to the BUYER'S COMPENSATION clause noted herein.

14. In the event BA either intends to or will be forced to file bankruptcy of its business or assets for any reason whatsoever, BUYER will have the right to pick up and relocate any/all unsold inventory without any debt or obligation of any kind to SELLER. In such an event, SELLER will ensure all PRODUCT is properly packaged in cases and loaded on pallets, ready for pickup/transport by BUYER.


COMPENSATION:

1. **BA Wine Club:** As part of funding the remaining BA Wine Club bottling process, SELLER will pay BUYER one-third (1/3) of the sales proceeds from any/all sales from the BA Wine Club.

2. **BOTTLING COST RECOVERY:** BUYER will receive the first proceeds from any/all sales completed by SELLER and/or BUYER (exclusive of SELLER'S 2/3 share of the sales proceeds from any/all sales from the BA Wine Club) until BUYER reaches 4x on BUYER'S investment of the BOTTLING COSTS (including BUYER'S 1/3 share of the sales proceeds from any/all sales from the BA Wine Club); as well as a dollar-for-dollar reimbursement of BUYER'S ANCILLARY COSTS until paid in full.

a. For example: If the BOTTLING COSTS total $125,000 (the maximum amount due from BUYER for BOTTLING COSTS), then the first $500,000 of sales proceeds gets paid by SELLER to BUYER ($125,000 x 4 = $500,000). The remaining ANCILLARY COSTS are to be reimbursed on a dollar-for-dollar basis until paid in full so the total sum due BUYER from SELLER (exclusive of any/all future Royalty Rates) would be up to $555,000.

3. **ROYALTY RATES:** Once sales of the PRODUCT by SELLER and/or BUYER have surpassed the BOTTLING COST RECOVERY investment and any/all ANCILLARY COSTS paid by BUYER, all future sales (in any form) of the PRODUCT by SELLER shall be subject to a Royalty Rate equivalent to $15 per bottle ($180/case), payable by SELLER to BUYER in perpetuity for the remaining unsold PRODUCT.

a. In the event SELLER wishes to "buy back" the remaining unsold inventory after sales of the PRODUCT by SELLER and/or BUYER have surpassed the BOTTLING COST RECOVERY investment and any/all ANCILLARY COSTS paid by BUYER, then SELLER shall have the option to "buy back" the remaining unsold inventory for the price of the Royalty Rate.

Each of the persons executing this Agreement on behalf of the PARTIES represents and warrants that the respective signatory has full right and authority to enter into this Agreement, that all persons signing on behalf of the entity were authorized to do so by appropriate actions, and that no event has occurred inconsistent with said authority.

IN WITNESS HEREOF, BUYER and SELLER have executed this Agreement as of the day and year first written above.

BUYER:                                                SELLER:

By: _____     By: _____
    *Jonathan Brown*                                   *BH*
    8B0BA5C5F1F349F...                                  E78C1733BEB0453...

Name: _____      Name: _____
         Jonathan Brown                                  Brian Harlan

Title: _____     Title: _____
         Manager                                         CEO

Date: _____      Date: _____
         8/29/2024                                       8/29/2024

**Exhibit A: BOTTLING COSTS AND PRODUCT**

| YEAR | Varietal / Vineyard | Barrel Count | BD /GAL | GAL | CASES 2.4 | Retail Price | 30% Discount per Bottle | Total Retail Price For All Existing Wine On Hand | 30% Discount per Bottle | 12 Total Bottles Needed | Total Cases that can be produced | Total Bottles Produced | Cost for each Glass Bottle | Corks | Bottling | Capsules | Labels | EXPLAIN Staffing per Bottling = 1500 cases | TOTAL COST PER BOTTLE AND READY TO SHIP PER CASE | COST PER BOTTLE TO BOTTLE | Bottling Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | WHAT CAN BE BOTTLED NOW | | | | | | 70% | | 70% | 12 | | | | | | | | $3,000 | 12 BOTTLES | 12 | Bottling Cost |
| 2022 | Cab Sav-Cali | 1 | | 60 | 25 | $150 | $105 | $45,000 | $31,500 | 300 | 25 | 300 | $3.35 | $0.58 | $0.25 | $0.48 | $1.15 | $1.89 | $92.47 | $7.71 | $2,311.72 |
| 2022 | Cab Franc -TF | 1 | | 60 | 25 | $150 | $105 | $45,000 | $31,500 | 300 | 25 | 300 | $3.35 | $0.58 | $0.25 | $0.48 | $1.15 | $1.89 | $92.47 | $7.71 | $2,311.72 |
| 2022 | Petite Verdot | 2 | | 120 | 50 | $150 | $105 | $90,000 | $63,000 | 600 | 50 | 600 | $2.65 | $0.58 | $0.25 | $0.48 | $1.15 | $1.89 | $84.07 | $7.01 | $4,203.44 |
| 2022 | Malbec | 3 | | 180 | 75 | $150 | $105 | $135,000 | $94,500 | 900 | 75 | 900 | $2.65 | $0.58 | $0.25 | $0.48 | $1.15 | $1.89 | $84.07 | $7.01 | $6,305.16 |
| 2021 | Malbec | 2 | | 120 | 50 | $90 | $63 | $54,000 | $37,800 | 600 | 50 | 600 | $2.65 | $0.58 | $0.25 | $0.48 | $1.15 | $1.89 | $84.07 | $7.01 | $4,203.44 |
| 2021 | Petite Verdot | 2 | | 120 | 50 | $90 | $63 | $54,000 | $37,800 | 600 | 50 | 600 | $2.65 | $0.58 | $0.25 | $0.48 | $1.15 | $1.89 | $84.07 | $7.01 | $4,203.44 |
| 2023 | Dolcetto | 2 | 45 | 165 | 69 | $55 | $39 | $45,375 | $31,763 | 825 | 69 | 825 | $1.91 | $0.58 | $0.25 | $0.48 | $1.15 | $1.89 | $75.19 | $6.27 | $5,169.23 |
| 2023 | Pinot Noir Press | 4 | | 240 | 100 | $65 | $46 | $78,000 | $54,600 | 1200 | 100 | 1200 | $1.91 | $0.58 | $0.25 | $0.48 | $1.15 | $1.89 | $75.19 | $6.27 | $7,518.88 |
| 2023 | Barbera | 5 | 15 | 315 | 131 | $55 | $39 | $86,625 | $60,638 | 1575 | 131 | 1575 | $1.91 | $0.58 | $0.25 | $0.48 | $1.15 | $1.89 | $75.19 | $6.27 | $9,868.54 |
| 2022 | Sangiovese | 13 | | 780 | 325 | $65 | $46 | $253,500 | $177,450 | 3900 | 325 | 3900 | $1.91 | $0.58 | $0.25 | $0.48 | $1.15 | $1.89 | $75.19 | $6.27 | $24,436.37 |
| 2023 | Rose | | 340 | 340 | 142 | $40 | $28 | $68,000 | $47,600 | 1700 | 142 | 1700 | $2.25 | $0.49 | $0.25 | $0.48 | $1.15 | $1.89 | $78.18 | $6.51 | $11,075.05 |
| 2023 | Sauvignon Blanc | | 1300 | 1300 | 542 | $40 | $28 | $260,000 | $182,000 | 6500 | 542 | 6500 | $2.25 | $0.49 | $0.25 | $0.48 | $1.15 | $1.89 | $78.18 | $6.51 | $42,345.79 |
| | TOTAL CASES AND BOTTLES | | | | | | | $1,214,500 | $850,150 | 19000 | 1583 | 19000 | | | | | | | | | $123,952.80 |
| | Bottles Needed for Wine Club | | | | | | | | | | 220 | 2640 | | | | | | | | | |
| | Total Cases and Bottles Post Wine Club | | | | | | | | | | 1363 | 16360 | | | | | | | | | |

## Exhibit B: ANCILLARY COSTS

| | 8/23/04 | 8/30/04 | 9/6/04 | 9/13/04 | 9/20/04 | 9/27/04 |
|---|---|---|---|---|---|---|
| **CASH IN** | -8,500 | -9,775 | -11,241 | -12,927 | -13,574 | -14,252 |
| Purchases (Bottling) | | TBD | | TBD | | |
| Payroll (Bi-Montly) | 9,250 | 18,000 | | | 21,000 | |
| Health Insurance | 14,650 | | | | 14,650 | |
| Trash | 980 | | | | | |
| Hold&Haul | 1,350 | | | | | |
| Label (Past Wine) | 950 | | | | | |
| Shipping | 2,200 | | | 2,100 | | |
| Utilities | 8,850 | | | | 4,850 | |
| Taxes (real estate, etc.) | | | | | 36,000 | |

## Exhibit C: RIGHT OF FIRST REFUSAL TO FUND SELLER'S NEXT BOTTLING

| Varietal / Vineyard | Barrel Count | BD /GAL | GAL | 2.4 | Retail Price | Total Retail Price For All Existing Wine On Hand | Total Bottles Needed | Total Cases that can be produced |
|---|---|---|---|---|---|---|---|---|
| **NOT READY TO BE BOTTLED** | | | | | | | | 12 |
| PS | 17 | | 1020 | 425 | $55 | $280,500 | 5100 | 425 |
| MB/PV Blend | 1 | | 60 | 25 | $115 | $34,500 | 300 | 25 |
| MB | 4 | | 240 | 100 | $90 | $108,000 | 1200 | 100 |
| PV | 1 | | 60 | 25 | $90 | $27,000 | 300 | 25 |
| CS | 33 | | 1980 | 825 | $95 | $940,500 | 9900 | 825 |
| Zin-AV | 7 | 30 | 450 | 188 | $55 | $123,750 | 2250 | 188 |
| Rose of Zin | | 85 | 85 | 35 | $40 | $17,000 | 425 | 35 |
| CS-TF1 | 1 | | 60 | 25 | $150 | $45,000 | 300 | 25 |
| ZN (Sonoma Mtn) | 3 | 15.5 | 195.5 | 81 | $55 | $53,763 | 978 | 81 |
| ZN Port (Estate) | | 45 | 45 | 19 | $65 | $14,625 | 225 | 19 |
| PS | 7 | 15 | 435 | 181 | $55 | $119,625 | 2175 | 181 |
| | | | | | | **$1,764,262.50** | **23153** | **1929** |