JOHN STALEY, CA STATE BAR NO. 129624
12463 RANCHO BERNARDO ROAD, NO. 372
SAN DIEGO, CA 92128-2143
TELEPHONE: (858) 335-2713
johnstaleylaw@gmail.com

ATTORNEYS FOR PLAINTIFFS
JONATHAN BROWN; CBJ12 LLC; AND
BOR MUERTO LLC

CHRISTINE H. LONG, CA STATE BAR NO. 199676
CHRISTIAN E. PICONE, CA STATE BAR NO. 218275
BERLINER COHEN, LLP
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
christine.long@berliner.com
christian.picone@berliner.com

ATTORNEYS FOR DEFENDANTS
BRIAN ARDEN WINES OPERATING COMPANY; BRIAN ARDEN WINES HOLDINGS, INC.; BAW CAPITAL, LLC; BRIAN HARLAN; ARDEN BURT HARLAN; AMANDA LUSK-HARLAN; AND STEPHANIE HARLAN-MURPHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROWN; CBJ12 LLC; and BOR MUERTO LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN ARDEN WINES OPERATING COMPANY, a California Stock corporation; BRIAN ARDEN WINES HOLDINGS, INC., a California corporation; BAW CAPITAL, LLC, a California Limited Liability Company; BRIAN HARLAN, an individual; ARDEN BURT HARLAN, an individual; AMANDA LUSK-HARLAN, an individual; STEPHANIE HARLAN-MURPHY, an individual; and DOES 1-50,<br><br>Defendants. | CASE NO. 3:24-cv-07074-JCS<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date:    November 05, 2025<br>Time:    2:00 p.m.<br>Courtroom: D, 15th Floor<br><br>Case Filed: October 9, 2024 |

Defendants and Plaintiffs of the above-entitled action submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9 in advance of the Case Management Conference set for November 5, 2025.

1. **JURISDICTION & SERVICE:**

**Defendants:** Defendants do not contest this Court's jurisdiction or the venue in this matter at this time but reserves the right to do so.

**Plaintiffs:** Jurisdiction is appropriate in this Court and the defendants have been served and appeared in the action.

2. **FACTS:**

**Defendants:** Plaintiffs allege that Brian Arden Wines Operating Company and/or BAW Capital, LLC made a series of "loans" that have not all been repaid and owes various sums of money. In addition, Plaintiffs make claims of breach of fiduciary duty. There is no basis for suing the individuals.

Defendants maintain that Plaintiff Jonathon Brown was an investor in the business and invested both individually and through the Plaintiff entities, sat on the Board of Advisors and is aware of the company that all investment documents preclude him from suing personally any of the individuals (including those that have been named simply because they are married or related to others). Further, as a member of the Board of Advisors, Plaintiff Mr. Brown approved of or ratified each of the acts he now contends was a breach of fiduciary duty. Finally, Defendants deny the sums of money claimed and further maintain that certain of the amounts were actually investment funds and not loans and thus Plaintiffs' sums are false. Plaintiff Mr. Brown, as a member of the Board of Advisors, has also confirmed waterfall documents showing alleged obligations that are significantly lower the sums he has wrongfully sued for in this action.

As the Court has been advised, the business closed, and the Board of Advisors elected in favor of the sale and to place proceeds from the sale into an ABC process. Plaintiff Mr. Brown voted in favor of each of these things but then has been using the litigation as a means to try and garner

1  information about the ABC process or gain a secure creditor status in the process. We believe this is
2  an improper use of the Courts time and resources.

3  While the vote to proceed with ABC was a few months ago, the agent took some time to
4  secure, and they insisted that certain creditors – including Plaintiff Brown and his entities, remove
5  certain improper UCC liens prior to commencing work.

6  Thereafter, effective July 3, 2025, BAW Capital and Assignee entered into a General
7  Assignment for Benefit of Creditors, pursuant to which BAW Capital transferred all of its assets to
8  the Assignee for the purpose of liquidating those assets to satisfy creditor claims. Creditors are to
9  submit proofs of claims to validate any amounts potentially owed by BAW Capital. The Claims
10 deadline is not until fall; the exact date has not been set due to counsel's knowledge at this time.

11 In light of the ongoing ABC process, Defendants respectfully request that the Court continue
12 the Case Management Conference for 90 days to allow time for potential resolution of this claim
13 and/or claims.

14 **Plaintiffs:** The defendants signed promissory notes and have no defenses to those claims.
15 Brian Arden personally guaranteed several of the promissory notes. The plaintiffs also allege that
16 Brian Arden has personal liability for all the debts based on an alter ego theory.

17 Plaintiffs' claims also include a cause of action for funds which were investments and
18 another claim for what is known as a bottling agreement which has higher damages than simply an
19 amount loaned and interest accrued. The plaintiffs are not attempting to improperly gather
20 information about the ABC process through the discovery process.  It is not likely that the ABC
21 process will resolve all of the plaintiffs' claims.  Furthermore, it appears that assets were improperly
22 transferred to third parties after the sale of the business and before transfer of the assets to the
23 assignee. Mediation at some point may be helpful, but that should occur after resolution of the ABC
24 process. The plaintiffs are amenable to the Case Management Conference being continued for 90
25 days.

26 The Parties have been informed that the assignee is releasing its first report on November 1,
27 2025.

28 ///

### 3. LEGAL ISSUES:

**Defendants:** The disputed legal issues include whether, and to what extent amounts are owed by Defendants, whether Plaintiffs have standing to maintain an action against each of the Defendants based on contract documents each Plaintiff signed, whether there is any claim for breach of fiduciary duty in light of Plaintiff's approving and ratifying acts as a member of the Board of Advisors; and whether any of the amounts are barred by the statute of limitations.

Pursuant to Judge Spero's order, Defendants have confirmed that the ABC Retention Agreement was given to Plaintiffs. To proceed with the closure of BAW Capital LLC, Defendants have engaged Resolute Commercial Services to lead the Assignment for the Benefit of the Creditors (ABC) process. Plaintiff's counsel has confirmed receipt of the documents.

### 4. MOTIONS:

**Defendants:** There are no motions currently pending before the court, and none contemplated at this time.

### 5. AMENDMENT OF PLEADING:

**Defendants:** Defendants do not foresee the need to amend any pleadings at this time. While Plaintiff mentioned an amendment in meet and confer for this filing, it is not yet clear the basis or cause of action and if amendment is necessary or just further facts that should be disclosed in discovery.

**Plaintiffs:** Plaintiffs anticipate amending the complaint to add causes of action based on the first two loans of money. These two loans were the subject of later promissory notes which have been included as causes of action. The plaintiff does not anticipate there will be any controversy regarding this request and will first seek a stipulation prior to filing a motion.

### 6. EVIDENCE PRESERVATION:

**Defendants:** Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").

**Plaintiffs:** Plaintiffs have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

///

**7.    DISCLOSURES:**

**Defendants:** Defendants have made timely initial disclosures pursuant to FRCP 26. Plaintiff's initial disclosures were defective in that it did not identify individuals, did not identify documents, did not identify damages or computation thereof and failed to comply with the code. Defendants sent a meet and confer letter that was met with silence. After attempts were met to meet and confer on other matters, Defendants learned that in late March 2025, Plaintiffs' counsel died.

Plaintiffs' new respective counsel has indicated to respond to Defendant's meet and confer letter regarding defects in its initial disclosures pursuant to FRCP 26. On July 7, 2025, Plaintiffs' counsel provided Defendants with its Rule 26 disclosures including new documentation supporting the loan extension agreements. That is being reviewed, and Defendants will see if they can facilitate resolution in the ABC process.

**8.    DISCOVERY:**

**Defendants:** Plaintiffs have initiated discovery and served multiple requests. However, they confused the Defendant Party names, asked compound questions seeking multiple categories in a single request, asked for records not discoverable and going back to 2012, which well predates anything in dispute in this action and is unrelated. The parties have just started meet and confer this week on these subjects.

Defendants plan to seek discovery regarding the following topics:

    a. Contractual agreements barring the right to sue individuals named herein

    b. Contractual documents demonstrating the true amount of debt, and whether it is a debt or investment.

    c. Records that would demonstrate the amount of damages or accord and satisfaction thereof.

    d. Communications regarding amounts owed.

Defendants do not foresee the need to modify the default limits on discovery at this time.

**Plaintiffs:** The plaintiff has served multiple requests for documents which resulted in no documents being produced. Counsel for the plaintiff and defendant are in the process of negotiating what will be produced. It may be necessary to file a motion to compel the production of documents or seek informal court assistance.

**9.  CLASS ACTIONS: N/A**

**10.  RELATED CASES: N/A**

**11.  RELIEF:**

**Defendants:** Plaintiffs seek damages of no less than $1,136,393.39, along with additional accrued interest, punitive damages (on an alleged contract), and attorney's fees and costs. Defendants contend that this amount is fiction, in that Plaintiff Brown was an investor, that certain of the obligations referenced in the pleadings were in fact investment documents, that others represent an offer and compromise that did not come to fruition and that the amounts sought are not recoverable as plead in this action.

**Plaintiffs:** The plaintiffs seek monetary damages in an amount to be proven at trial. The plaintiffs transferred hundreds of thousands of dollars to the defendants and promissory notes were executed in connection with those transfers.

**12.  SETTLEMENT & ADR:**

**Defendants:** The parties continue to actively work through their respective counsel toward a resolution. These discussions have been informal. There are still discrepancies at this time which may require further exchanges of information.

**Plaintiffs:** The plaintiffs are amenable to mediation at the appropriate time.

**13.  OTHER REFERENCES:**

**Defendants:** Defendants do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**Plaintiffs:** The plaintiffs concur that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on MultiDistrict Litigation.

**14.  NARROWING OF ISSUES:**

**Defendants:** Defendants believe it is too early in the case to determine if any issues can be narrowed, but plan on considering ways to expedite the presentation of evidence at trial, including through use of stipulated facts. Plaintiffs have proposed stipulation of facts to which Defendants have revisions that are being vetted. Plaintiff's counsel has provided Defendants with its Rule 26 disclosures, including newly produced documentation allegedly supporting the loan extension

1  agreements. Defendants are actively reviewing the stipulated facts in light of the new documentation
2  provided.

3  **Plaintiffs:** The plaintiffs are amenable to narrowing the issues through a stipulation of facts.
4  The plaintiffs sent a proposed stipulation to the defendants several months ago and have not received
5  a response.

6  **15.  EXPEDITED TRIAL PROCEDURE:**

7  **Defendants:** Defendants do not believe that this case can be handled under the Expedited
8  Trial Procedure of General Order 64, Attachment A.

9  **Plaintiffs**: The plaintiffs concur that this case cannot be handled through the Expedited Trial
10 Procedure of General Order 64, Attachment A.

11 **16.  SCHEDULING:**

12 **Defendants:** The court held the initial Case Management Conference on April 9, 2025. The
13 court has scheduled for a further case management conference on August 6, 2025. The parties have
14 met and conferred regarding a stipulation to continue of the Case Management Conference 90 days
15 out.

16 **Plaintiffs:** The plaintiffs are amenable to continuing the Case Management Conference 90
17 days.

18 **17.  TRIAL:**

19 **Defendants:** Defendants filed demand a trial by jury. The expected length of trial is 3-4 days.
20 **Plaintiffs:** The plaintiffs demand a jury trial at this time.

21 **18.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

22 **Defendants:** Defendants have disclosed this information in its Rule 26 Initial Disclosures.
23 Defendants sent a meet and confer letter that was met with silence. After attempts were met to meet
24 and confer on other matters, Defendants learned that in late March 2025, Plaintiff's counsel died.
25 Plaintiff's new counsel has indicated to respond to meet and confer regarding Rule 26 initial
26 disclosures. On July 7, 2025, Plaintiff's counsel provided Defendants with its Rule 26 disclosures,
27 including newly produced documentation allegedly supporting the loan extension agreements.
28 Defendants are actively reviewing the newly produced documentation.

**Plaintiffs:** The plaintiffs are not aware of any issues pertaining to non-party interested entities or persons.

### 19. PROFESSIONAL CONDUCT:

**Defendants:** Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California

**Plaintiffs:** Plaintiffs have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 20. OTHER: N/A

DATED: OCTOBER 29, 2025

BY: /S/ JOHN STALEY
JOHN STALEY
ATTORNEYS FOR PLAINTIFF
JONATHAN BROWN; CBJ12 LLC; AND BOR MUERTO LLC

DATED: OCTOBER 29, 2025         BERLINER COHEN, LLP

BY: /S/ CHRISTINE H. LONG
CHRISTINE H. LONG
CHRISTIAN E. PICONE
ATTORNEYS FOR DEFENDANTS
BRIAN ARDEN WINES OPERATING COMPANY; BRIAN ARDEN WINES HOLDINGS, INC.; BAW CAPITAL, LLC; BRIAN HARLAN; ARDEN BURT HARLAN; AMANDA LUSK-HARLAN; AND STEPHANIE HARLAN-MURPHY